**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| Z.C. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALLEGHENY COUNTY DEPARTMENT OF | : | No. 1597 WDA 2025 |
| BEHAVIORAL HEALTH AND THE | : | |
| PENNSYLVANIA STATE POLICE | : | |

Appeal from the Order Entered November 13, 2025
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s):  47 of 2025

BEFORE:  McLAUGHLIN, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY KING, J.:                    **FILED: July 15, 2026**

Appellant, Z.C., appeals from the order entered in the Allegheny County Court of Common Pleas, Orphans' Court, which denied his petition to expunge his involuntary commitment record and restore his right to possess firearms. We affirm.

The Orphans' Court opinion set forth the relevant facts of this case as follows:

> On January 26, 2025, [Appellant] was involuntarily committed under Section 302 of the [Mental Health Procedures Act ("MHPA")], 50 P.S. § 7302.  The 302 petitioner, [Appellant's] father, averred [Appellant] had been acting sporadically and was not taking his medication, causing [Appellant] to have extreme anger and hit himself. When [Appellant's] father was driving [Appellant] to the hospital for voluntary inpatient treatment, [Appellant] jumped out of the car.  The examining physician found that [Appellant] was manic, had disorganized thought, and

paranoid ideals requiring locked inpatient treatment.

On January 28, 2025, in a hearing before a Mental Health Review Officer to determine whether [Appellant] should be subjected to extended involuntary commitment, the Mental Health Review Officer found [Appellant] was severely mentally disabled and in need of treatment requiring inpatient and outpatient treatment for up to twenty (20) days. The Mental Health Review Officer certified [Appellant] for extended involuntary treatment and [Appellant] did not appeal within thirty days.

(Orphans' Court Opinion, filed 2/12/26, at 4) (record citations omitted).

On August 11, 2025, Appellant filed a petition seeking expungement of his involuntary commitment and restoration of his right to possess firearms under 18 Pa.C.S.A. § 6105(f)(1). Appellant included a psychological evaluation and letters from family and friends in support of his petition. The court held a hearing on November 13, 2025. At that time, Appellant and his father testified in support of the petition. Appellees, the Pennsylvania State Police and Allegheny County Department of Human Services, had a full opportunity for cross-examination of Appellant's witnesses. On November 19, 2025, the court denied Appellant's petition.

Appellant timely filed a notice of appeal on December 15, 2025. On December 18, 2025, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. Appellant timely filed his Rule 1925(b) statement on January 5, 2026.

Appellant now raises one issue for our review:

Did the [Orphans'] Court err as a matter of law and abuse its discretion when it denied [Appellant's] petition for

restoration of rights under 18 Pa.C.S.A. § 6105(f).

(Appellant's Brief at 4).

In his brief, Appellant cites various facts to support the proposition that his mental health is stable. Appellant maintains that "he is a twenty-three (23) year old individual with no prior or subsequent psychiatric history…." (*Id.* at 12). Appellant also emphasizes that he graduated college, found employment, has no criminal record, and he "is giving due consideration" to enlisting in the navy. (*Id.*) Considering these facts, as well as the report from his expert, Dr. Steven Pasquinelli, Appellant contends that he poses no risk to himself or others if the court restores his right to possess firearms. Further, Appellant argues that Appellees failed to present their own expert to counter Dr. Pasquinelli's report. If Appellees had any concerns about Dr. Pasquinelli's conclusions, Appellant asserts that "they had ample time to secure the testimony or report of another psychologist…." (*Id.* at 14-15). Absent more, Appellant claims that the Orphans' Court incorrectly accepted Appellees' theory "that insufficient time has expired between the time of his commitment and the time of his hearing on his petition." (*Id.* at 15). Appellant concludes that the court abused its discretion by denying the petition to restore his right to possess firearms. We disagree.

"Upon application to the court of common pleas under this subsection by an applicant subject to the prohibitions under subsection (c)(4) [related to involuntary commitments under the MHPA], the court may grant such relief

- 3 -

as it deems appropriate if the court determines that the applicant may possess a firearm without risk to the applicant or any other person." 18 Pa.C.S.A. § 6105(f)(1). Thus, "Section 6105(f)(1) plainly leaves the decision of whether to restore the right to possess a firearm within the discretion of the trial court." *In re E.H.*, 233 A.3d 820, 823 (Pa.Super. 2020), *appeal denied*, 665 Pa. 377, 249 A.3d 497 (2021) (internal citation and quotation marks omitted). "An abuse of discretion is not merely an error in judgment[;] it occurs when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence on record." *Id.*

In *E.G.G. v. Pennsylvania State Police*, 219 A.3d 679 (Pa.Super. 2019), the appellant was involuntarily committed on two occasions. The most recent commitment occurred in May 2005. Twelve years later, in May 2017, the appellant filed a petition seeking the restoration of his right to possess firearms. The court conducted a hearing, and the appellant and his wife testified that the appellant had not had any psychiatric issues since 2005. The appellant also provided a psychological report from a privately retained evaluator. While the evaluator opined that the appellant would benefit from psychotherapy, the evaluator declared that the reinstatement of the appellant's firearms' rights would not increase any risk to appellant or others.

Despite this evidence, the court found that "lingering concerns" about the appellant's mental health, as well as his behavior during certain

interactions with police, prevented the appellant from demonstrating that restoration of his rights was warranted. ***Id.*** at 683. On appeal, this Court determined that the court did not abuse its discretion. Significantly, this Court reiterated that a petitioner's risk of relapse is an important consideration in these types of cases:

> A present clean bill of mental health is no guarantee that a relapse is not possible. Given the extreme potential harm attendant to the possession of deadly weapons by a person with a mental illness, and the risk of relapse, we see an important government interest in controlling the availability of firearms for those who have ever been adjudicated mentally disabled or have ever been committed to a mental institution but are now deemed to be cured. Although [the a]ppellant has been pronounced cured of his depression, we see a legitimate government interest in still limiting the availability of firearms to him.

***Id.*** at 684 (quoting ***In Re Keyes***, 83 A.3d 1016, 1027 (Pa.Super. 2013), *appeal denied*, 627 Pa. 766, 101 A.3d 104 (2014)).

Instantly, Appellant and his father provided testimony about the circumstances leading to Appellant's involuntary commitment. Both witnesses noted that Appellant had stopped taking an anxiety medication in the week prior to the commitment. (***See*** N.T. Hearing, 11/13/25, at 29, 40).[1]

---

[1] The certified record does not include the notes of testimony from the hearing. Nevertheless, Appellant included the transcript in the reproduced record. Because the veracity of the transcript in the reproduced record is not in dispute, we may rely upon it. ***See Commonwealth v. Barnett***, 121 A.3d 534, 545 n.3 (Pa.Super. 2015) (stating: "While this Court generally may only consider facts that have been duly certified in the record, … where the accuracy of a document is undisputed and contained in the reproduced record, we may consider it").

Appellant's father explained: "In hindsight, now that I have gone through this experience, I think that [Appellant] was also going through withdraw[al] from that medication." (*Id.* at 42). Appellant also addressed his personal growth since the commitment. Appellant stated that he did not need counseling. (*Id.* at 18). Although Appellant claimed to be actively interviewing for various jobs, he also suggested that he wanted "the chance to serve in the military while [he is] young and able." (*Id.* at 6).

In addition to this testimony, Appellant provided an examination report from Dr. Pasquinelli, a psychologist who previously worked with Appellant. Dr. Pasquinelli evaluated Appellant on July 17, 2025. While Dr. Pasquinelli indicated that Appellant does not currently present a threat to himself or others, he also noted that Appellant "was diagnosed with unspecified bipolar and related disorder … with mania at his most recent presentation." (Expert Report, dated 8/4/25, at 3). Dr. Pasquinelli indicated that Appellant's current treatment plan includes "services to address possible anxiety related to employment and the experiences of last year, and to further monitor and rule out bipolar disorder." (*Id.* at 3-4).

In its opinion, the Orphans' Court emphasized "that current treatment planning is working to 'rule-out' bipolar disorder." (Orphans' Court Opinion at 5). Like the "lingering concerns" expressed in *E.G.G.*, the court remained "unconvinced at this time that [Appellant] is not at risk of relapse, and further time without incident is needed to demonstrate to the [c]ourt that [Appellant]

is not a risk to himself or others." (*Id.*) Here, we cannot say that the court abused its discretion where Appellant's request for the restoration of his rights occurred less than seven (7) months after the involuntary commitment, and mental health professionals were still working to "rule-out" certain diagnoses. *See In re E.H., supra*. Accordingly, we affirm the order denying Appellant's petition to restore his right to possess firearms.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 7/15/2026